1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JOANNA WLODAWER and TREVOR NABHOLZ, husband and wife, and the marital community composed thereof, | NO: 2:21-cv-1538 |
| Plaintiffs, | |
| v. | PLAINTIFFS' COMPLAINT FOR DAMAGES |
| UNITED AIRLINES, INC., a Delaware Corporation, | JURY DEMAND |
| Defendant. | |

COME NOW the Plaintiffs, by and through their undersigned attorneys, and allege as follows:

## I.    THE PARTIES

1.1    Plaintiffs Joanna Wlodawer and Trevor Nabholz are now, and at all times material hereto, have been a married couple under the laws of the State of Washington, residing within Snohomish County, Washington.

1.2    At all times material hereto, Defendant United Airlines, Inc. (hereinafter "United") was and is a Delaware corporation; headquartered in Illinois; and doing business in Washington.

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett WA 98201
Tel: (425) 322-1076 - Fax: (425) 609-3760

1.3    United operates services for the carriage of persons by air from premises leased or owned by United at Seattle-Tacoma International Airport, in addition to other airports in Washington State. The majority of United's services in Washington State are provided at Seattle-Tacoma International Airport.

1.4    United's registered agent is in Olympia, Thurston County, Washington.

## II.    JURISDICTION AND VENUE

2.1    Plaintiffs re-allege and incorporate by reference all preceding paragraphs in this complaint as if fully set forth herein.

2.2    Federal Question jurisdiction is proper under 28 U.S.C. §1331. The subject matter of this claim involves an accident that occurred during international air travel, and Plaintiffs' cause of action arises from a treaty agreement, namely Convention for the Unification of Certain Rules Relating to International Carriage by Air, opened for signature on May 18, 1999, reprinted in S. Treaty Doc. 106-45 at 27 (2000) 1999 WL 33292734 (entered into force November 4, 2003) (treaty), commonly referred to as the Montreal Convention (hereinafter "Montreal Convention").

2.3    The United States District Court for the Western District of Washington has jurisdiction over United and is a proper venue for this action under Article 33 of the Montreal Convention because the State of Washington is the principal and permanent place of residency for Plaintiffs and a place from which United operates services for the carriage of persons by air from premises leased or owned by United itself or by another carrier with which it has a commercial agreement.

2.4    This Court has personal jurisdiction over United under the Montreal

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett WA 98201
Tel: (425) 322-1076 – Fax: (425) 609-3760

1    Convention.

2        2.5     In the alternative, this Court has jurisdiction over United because United has

3    sufficient minimum contacts with and has purposefully availed itself of the benefits of doing

4    business in this State and District.

5        2.6     Divisional venue lies in the Seattle Division because the facts giving rise to

6    Montreal Convention jurisdiction over United in this district include United's operation of

7    services for carriage by air from Seattle-Tacoma International Airport, which is located in

8    King County, and where Ms. Wlodower's itinerary originated.

9                              **III.    FACTS**

10       3.1     Plaintiffs re-allege and incorporate by reference all preceding paragraphs in

11   this complaint as if fully set forth herein.

12       3.2     On or about November 11, 2019, Joanna Wlodawer and United entered into

13   a contract for international carriage, as that term is known and defined in Article 1 of the

14   Montreal Convention, providing Ms. Wlodawer with international travel as part of a round

15   trip itinerary.

16       3.3     The itinerary was for roundtrip travel by air from the State of Washington to

17   Athens Greece.

18       3.4     The itinerary's initial departure was from Seattle-Tacoma International

19   Airport, with the final return destination being Paine Field Airport in Everett, Washington.

20       3.5     The return flight was broken into several legs: Athens, Greece to Frankfurt,

21   Germany; then Frankfurt, Germany to San Francisco, California; then finally San Francisco,

22   California to Everett, Washington.

3.6     This incident occurred on an international leg of the itinerary from Frankfurt, Germany to San Francisco, California.

3.7     Pursuant to the contract for international carriage (see paragraph 3.2 above), on or about Tuesday, December 17, 2019, Ms. Wlodawer was a passenger on United Flight 927 from Frankfurt to San Francisco.

3.8     On the flight, Ms. Wlodawer was seated in an aisle seat.

3.9     During the flight an overhead compartment opened unexpectedly and without warning.

3.10    A large, hardcover piece of luggage unexpectedly and without warning fell from the open overhead bin and landed on Ms. Wlodawer's head.

3.11    Ms. Wlodawer experienced pain and discomfort after this incident.

3.12    Ms. Wlodawer's symptoms continued during the remainder of the flight, and she was seen by paramedics after arriving in San Francisco, missing her connecting flight, as a result of her injuries.

## IV.     CAUSE OF ACTION

4.1     Plaintiffs re-allege and incorporate by reference all preceding paragraphs in this complaint as if fully set forth herein.

4.2     At the time of this incident, United was engaged in international carriage as defined in Article 1 of the Montreal Convention, and the Montreal Convention is therefore applicable to this action pursuant to that same Article.

4.3     Pursuant to Articles 17 and 21 of the Montreal convention, United is strictly liable for damage sustained in the case of bodily injury to a passenger on board the aircraft

up to 128,821 Special Drawing Rights. United is also liable for damages beyond 128,821 Special Drawing Rights unless United proves that (a) such damage was not due to its negligence, wrongful act, or omission of United or its servants or agents or (b) such damage was due solely to the negligence or other wrongful act or omission of a third party.

4.4     The incidents described above were the direct and proximate result of the negligence of United's employees, contractors, or agents in the operation of their duties on behalf of, for the benefit of, and within the scope of, their employment for United, particularly in selecting, maintaining, monitoring, using, and limiting loads within its overhead bins.

4.5     United is liable for the negligence of its flight attendants under the doctrine of *respondeat superior*, to the extent that the Montreal Convention is not applicable.

4.6     As a result of luggage falling on her head as described above, Ms. Wlodawer suffered injuries and damages as are described below.

## V.     DAMAGES

5.1     Plaintiffs re-allege and incorporate by reference all preceding paragraphs in this complaint as if fully set forth herein.

5.2     As a direct and proximate result of the incidents described above, and/or the negligent and tortious actions of United, Ms. Wlodawer has suffered in the past, continues to suffer presently, and will suffer in the future, damages which include, but are not limited to, the following: physical pain and suffering; shock; emotional distress; anguish; loss of enjoyment of life; loss of income; expense of medical care, and other medical special damages; and further injuries and damages as will be proven at trial.

5.3     As a direct and proximate result of the incidents described above, Plaintiff Trevor Nabholz suffered, and will continue to suffer, loss of consortium; loss of spousal services; loss of support to the community occasioned by the destruction of Ms. Wlodawer's wage earning capacity, and miscellaneous other damages and expenses related to Ms. Wlodawer's injuries, and such other and further injuries and damages as will be proven at the time of trial.

## VI.     JURY DEMAND

6.1     Plaintiffs hereby request a jury trial in this matter.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Ms. Wlodawer and her husband, Trevor Nabholz, pray for judgment against United, in amounts to be proven at trial, for damages as outlined above, and as follows:

7.1     For Ms. Wlodawer's general damages for physical pain and suffering; shock; emotional distress; anguish; loss of enjoyment of life; loss of income; expense of medical care, and other medical special damages; and further injuries and damages as will be proven at trial.

7.2     For Mr. Nabholz's general damages for loss of consortium and loss of spousal support.

7.3     For all past, present and future special damages, including, but not limited to, all medical expenses, lost earnings and earning capacity, loss of support to the spousal community, and all other recoverable special damages as may result from the injuries to Plaintiffs alleged herein.

PLAINTIFF'S COMPLAINT FOR
DAMAGES (CASE NO: 2:21-cv-1538) - 6

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett WA 98201
Tel: (425) 322-1076 – Fax: (425) 609-3760

7.4     For all other general and special damages recoverable under Washington State law, the Montreal convention, or any other applicable law or treaty.

7.5     For pre- and post-judgment interest.

7.6     For costs, including reasonable attorneys' fees as allowed by law.

7.7     For such other and further relief as the Court may deem just and equitable.

DATED this 12th day of November 2021.

By: */s/ Brian M. Sullivan*
By: */s/ Cassidy D. Spencer*
Brian M. Sullivan, WSBA #38066
Cassidy D. Spencer, WSBA #50569
SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue
Everett, WA 98201
Tel: 425.322.1076
Fax: 425.609.3760
brian@sullivanpllc.com
cassidy@sullivanpllc.com
*Attorneys for Plaintiffs*